**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALABA HAMZAT, | Civil Action No.: 14-6440 (CCC-JBC) |
| Plaintiff, | |
| v. | **OPINION** |
| PENNY S. PRITZKER, Secretary U.S. Department of Commerce, | |
| Defendant. | |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on a motion of Defendant Penny S. Pritzker in her official capacity as Secretary of the United States Department of Commerce ("Defendant") to dismiss Plaintiff Alaba Hamzat's ("Plaintiff") Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.[1] Having considered the parties' submissions and for the reasons set forth below, the Court grants Defendant's motion to dismiss.

**II.   BACKGROUND**

The following facts are alleged in the Amended Complaint. Plaintiff is black and walks with a limp. [Am. Compl., Statement of Undisputed Material Facts ("SOF") ¶¶ 3-4.] He was appointed as a Field Representative for the United States Department of Commerce in the New York Regional Office of the Census Bureau on January 7, 2011. [SOF ¶ 5.]

---

[1] The Court considers any arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

Plaintiff attended a three-day training course from January 19, 2011 through January 21, 2011. [SOF ¶ 7.] Plaintiff alleges he was the only trainee who was not provided with a laptop and other materials and that these items were necessary to process his wages and discharge his duties effectively. [SOF ¶¶ 9, 11.]

Plaintiff alleges that Defendant failed to pay him for almost two months and that he consistently told his crew leader, Ms. Geneva Bain, about this issue. [SOF ¶¶ 15-16.] Plaintiff was paid on March 7, 2011 after he called the head office to complain that he had not been paid. [SOF ¶ 18.] Plaintiff informed his supervisor that he had been paid and shortly thereafter received a call from Mr. Bill Harfmann that he should return all government property. [SOF ¶ 18.] Later that evening, a male supervisor was sent to collect his ID card and survey forms. [SOF ¶ 18.]

### III.   LEGAL STANDARD

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, Courts are required to accept all well-pleaded allegations in the Complaint as true and to draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). The Third Circuit has extended the *Twombly* plausibility standard to

employment discrimination cases. *See Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008) ("The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination.").

### IV.   DISCUSSION

As an initial matter, Plaintiff's Amended Complaint does not identify a specific statutory or common law cause of action. However, as Plaintiff is *pro se*, the Court will construe Plaintiff's Amended Complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations omitted).

Plaintiff's Amended Complaint appears to allege discrimination based on two separate incidents: (1) failure to provide him with a laptop and other materials; and (2) termination from his position. Based on the allegations in the Amended Complaint, the Court assumes for purposes of this motion that Plaintiff is alleging discrimination based on race (in violation of Title VII of the Civil Rights Act of 1964) and based on disability (in violation of the Rehabilitation Act of 1973). The Court also construes Plaintiff's Amended Complaint as asserting a cause of action for retaliation under both statutes.

Both Title VII and Rehabilitation Act claims are subject to the *McDonnell Douglas* burden-shifting framework. *See Wishkin v. Potter*, 476 F.3d 180, 184-85 (3d Cir. 2007). Under the *McDonnell Douglas* burden-shifting framework, a plaintiff in a discrimination case must first establish a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). For the reasons that follow, Plaintiff has not pleaded facts sufficient to meet this initial burden of establishing a *prima facie* case of discrimination.

### A. Plaintiff has not stated a claim for discrimination based on disability

To establish a *prima facie* case of disability discrimination under the Rehabilitation Act, a plaintiff must show that: (1) he has a disability within the definition provided by the Americans with Disabilities Act ("ADA"); (2) he is otherwise qualified to perform the essential functions of his position; and (3) he has suffered an adverse employment decision because of that disability. *Freeman v. Chertoff*, 604 F. Supp. 2d 726, 731 (D.N.J. 2009). Here, Plaintiff fails to plead facts sufficient to establish a *prima facie* case of disability discrimination under the Rehabilitation Act. Specifically, Plaintiff fails to allege that he has a disability or that he suffered an adverse employment action because of that disability.

#### i. Plaintiff has not alleged that he has a disability within the statute.

The Rehabilitation Act defines "individual with a disability" as a person who has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 29 U.S.C. § 705(20)(B) (incorporating by reference the ADA's definition of "disability" in 42 U.S.C. § 12102(2)). Where a plaintiff fails to allege any major life activity that is limited by his impairment, courts in the Third Circuit have dismissed for failure to state a claim. *See, e.g., Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 U.S. Dist. LEXIS 56617, at *23-24 (D.N.J. June 9, 2010) ("By simply stating that the plaintiff lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity creates a defect in the Complaint."); *see also Popko v. Penn State Milton S. Hershey Medical Center*, No. 13-1845, 2014 U.S. Dist. LEXIS 95486 (M.D. Pa. July 14, 2014); *Butler v. BTC Foods, Inc.*, No. 12-492, 2012 U.S. Dist. LEXIS 151582 (E.D. Pa. Oct. 19, 2012).

Here, Plaintiff alleges that he walks with a limp. [SOF ¶ 3.] Plaintiff attached to his Amended Complaint a letter from Dr. Demetri Blanas at the Family Health Center of Harlem explaining that his limp results from a polymyelitis infection he suffered as a child that caused

4

permanent damage to his leg. [*See* Am. Compl.] Plaintiff further alleges that his coworkers were all aware of his limp. [*See* SOF ¶ 13.] However, neither the allegations in the Amended Complaint nor the attached exhibits allege that Plaintiff was substantially limited in any major life activity. Moreover, courts have consistently found that a limp does not rise to the level of substantially limiting the major life activity of walking. *See Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1025, (5th Cir. 1999); *McCleary v. National Cold Storage, Inc.*, 67 F. Supp. 2d 1288, 1300-01 (D. Kan. 1999); *Kelly v. Drexel Univ.*, 907 F. Supp. 864, 874-75 (E.D. Pa. 1995). Accordingly, Plaintiff has not pleaded facts sufficient to establish the first element of a *prima facie* case of disability.

        ii. <u>Plaintiff has not suffered an adverse employment action because of his disability.</u>

Even assuming that Plaintiff had pleaded facts sufficient to establish a disability, Plaintiff has not alleged that he suffered an adverse employment action because of his disability. First, the allegation that Plaintiff did not receive a laptop does not constitute an adverse employment action. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761-62 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with different responsibilities, or a decision causing a significant change in benefits.... A tangible employment action in most cases inflicts direct economic harm."); *Langley v. Merck & Co, Inc.*, 186 F. App'x 258, 260 (3d Cir. 2006) ("Minor actions, such as lateral transfers and changes of title and reporting relationships, are generally insufficient to constitute adverse employment actions."). Second, while termination of employment constitutes adverse employment action, Plaintiff makes no allegation that his termination was caused by his disability. Accordingly, Plaintiff fails to establish a prima facie case of disability discrimination under the Rehabilitation Act.

5

### B. Plaintiff has not stated a claim for discrimination based on race.

To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of unlawful discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). Here, Plaintiff fails to plead facts sufficient to establish a *prima facie* case of discrimination on the basis of race under Title VII.

The circumstances identified in Plaintiff's Amended Complaint do not give rise to an inference of unlawful discrimination. As discussed above, Plaintiff's termination was an adverse employment action. However, Plaintiff's Amended Complaint alleges in only conclusory fashion that "[his] termination had something to do with [his] race . . . ." [Am. Compl. at 2.] As there is no identifiable factual support for that allegation anywhere in Plaintiff's Amended Complaint, the Court cannot infer unlawful discrimination from the mere fact that Plaintiff is black and his employment was terminated. Accordingly, Plaintiff has not stated a claim for discrimination based on race.

### C. Plaintiff has not stated a claim for retaliation under either the Rehabilitation Act or Title VII

To establish a *prima facie* case of retaliation under either Title VII or the Rehabilitation Act, a plaintiff must plead: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *See Lanza v. Postmaster General of U.S.*, 570 F. App'x 236, 240-41 (3d Cir. 2014). Not every complaint to management constitutes a "protected activity." Rather, a protected activity must be an action taken "to oppose discrimination made unlawful by Title VII", *see Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006), or the Rehabilitation Act, *see* 42 U.S.C. § 12203(a).

In this case, Plaintiff alleges that he complained to his supervisor and to the regional office about not receiving a laptop and not getting paid. However, the Amended Complaint states no facts that would support the inference that Plaintiff's complaints were in opposition to discrimination made unlawful by either Title VII or the Rehabilitation Act. Accordingly, Plaintiff fails to plead facts sufficient to establish a *prima facie* case of retaliation.

## V.   CONCLUSION

Having reviewed the parties' submissions, the Court grants Defendant's motion to dismiss. To the extent the deficiencies in the Amended Complaint can be cured, Plaintiff will be given thirty (30) days to file a second amended complaint. An appropriate Order accompanies this Opinion.

Dated: June 28, 2016

CLAIRE C. CECCHI, U.S.D.J.