NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALABA HAMZAT,<br><br>    Plaintiff,<br><br>v.<br><br>PENNY S. PRITZKER, Secretary U.S. Department of Commerce,<br><br>    Defendant. | Civil Action No.: 14-6440 (CCC-JBC)<br><br>OPINION |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court by Defendant Penny S. Pritzker, in her official capacity as Secretary of the United States Department of Commerce, ("Defendant"), on a partial motion to dismiss hostile work environment claims brought under Title VII (Count One, in part) and the Rehabilitation Act (Count Three, in part) of Plaintiff Alaba Hamzat's ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 23.) The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78.[1] Having considered the parties' submissions and for the reasons set forth below, the Court denies Defendant's partial motion to dismiss.

---

[1] The Court considers any arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

## II. BACKGROUND[2]

Defendant employed Plaintiff as a Field Representative for the United States Department of Commerce in the New York Regional Office of the Census Bureau from January 16, 2011[3] until March 5, 2011. (ECF No. 20 at 2.) On or about January 16, 2011, Plaintiff and ten other individuals ("participants" or "trainees") attended, and were certified as successfully completing, a mandatory three-day training organized by the Census Bureau. (*Id.* at 3.) Plaintiff was the only participant who was African American of Nigerian descent, "thus with a strong and different accent[,]" and who had a noticeable disability: an "obvious limp" such that he is "unable to walk fast or properly without experiencing severe pain." (*Id.* at 2, 4.) Plaintiff's direct supervisor during training ("Training Supervisor") complained to Plaintiff during training that Plaintiff's accent "was too strong" and that Plaintiff was "too slow[.]" (*Id.* at 3.)

At the training, Defendant provided a laptop computer and other materials intended to support job performance to all participants except for Plaintiff. (*Id.* at 4.) Following the successful completion of the training, Plaintiff and the ten other trainees were assigned posts and job duties. (*Id.* at 4.) Defendant compensated all participants for their services except for Plaintiff. (*Id.* at 4-5.) After about 30 days of employment, Plaintiff protested repeatedly to Defendant through his direct supervisor ("Supervisor") that he, unlike the other trainees, had not been compensated. (*Id.* at 5.) The Supervisor provided no explanation for the delay and Plaintiff remained unpaid. (*Id.*)

Plaintiff escalated his request for compensation to his direct supervisor's supervisor ("Manager"). (*Id.*) He informed the Manager that he believed he was being discriminated against by not being paid because of his race/national origin and his physical disability. (*Id.*) The Manager

---

[2] For the purpose of deciding this partial motion to dismiss, the facts alleged by Plaintiff in his SAC are accepted as true.

[3] Plaintiff had previously stated his appointment to this position occurred on January 7, 2011. (ECF No. 15 at 4.)

and Training Supervisor "reacted angrily" and the Manager criticized Plaintiff's Nigerian accent. (*Id.*) On March 5, 2011, following this communication, Plaintiff was compensated and, on the same day, terminated. (*Id.* at 6.) Plaintiff alleges that he dutifully performed all employment obligations without written or verbal complaint regarding his job performance from his supervisors and that at the time he was terminated he could perform the essential functions of his job without accommodation. (*Id.* at 4-5.)

On July 27, 2016, Plaintiff filed the SAC. (ECF No. 20.) On August 26, 2016, Defendant filed the instant motion for partial dismissal of the SAC. (ECF No. 23.)

### III. <u>LEGAL STANDARD</u>

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, courts are required to accept all well-pleaded allegations in the Complaint as true and to draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). The Third Circuit has extended the *Twombly* plausibility standard to employment discrimination cases. *See Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d

3

315, 322 (3d Cir. 2008) ("The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination.").

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted).

## IV. DISCUSSION

Plaintiff's SAC claims discrimination based upon Plaintiff's race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count One), retaliatory treatment, including termination, in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act") (Count Two), and discrimination based upon his physical disability in violation of the Rehabilitation Act (Count Three). (ECF No. 20.)

The instant motion pertains solely to claims of hostile work environment under Title VII (Count One, in part) and under the Rehabilitation Act (Count Three, in part). (*Id.* at 7, 9-10.) Defendant moves for partial dismissal of the SAC as to these claims only, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 23.)

Courts in this Circuit recognize an employee's right to pursue hostile work environment claims under the Rehabilitation Act. *See Miller v. Cohen*, 52 F. Supp. 2d 389, 400 (M.D. Pa. 1998), *aff'd*, 185 F.3d 862 (3d Cir. 1999). Section 504 of the Rehabilitation Act makes it unlawful for the federal government, federal contractors, and recipients of federal funding to discriminate against qualified individuals with disabilities. Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794. Courts in this Circuit recognize an employee's right to pursue hostile work environment claims under Title VII. *See Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1087 (3d Cir. 1996). Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate

4

against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Both Title VII and Rehabilitation Act claims are subject to the *McDonnell Douglas* burden-shifting framework. *See Wishkin v. Potter*, 476 F.3d 180, 184-85 (3d Cir. 2007). Under the *McDonnell Douglas* burden-shifting framework, a plaintiff in a discrimination case must first establish a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To determine whether there exists an actionable claim of hostile work environment under the Rehabilitation Act and Title VII, a plaintiff must allege that (1) he suffered intentional discrimination because of his disability and/or national origin; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability. *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001).

Here, Plaintiff alleges that he was discriminated against on the basis of his disability and race/national origin repeatedly over the course of the short period during which he was employed. Plaintiff asserts that he was the only visibly disabled trainee and the only trainee of his race/national origin. Over the course of his training period, Plaintiff's supervisor directed allegedly discriminatory comments directly to Plaintiff saying Plaintiff's accent was " too strong" and commenting on his limp saying that Plaintiff was "too slow[.]" ECF No. 20 at 3. Plaintiff, unlike other trainees, was denied pay for months until immediately prior to termination allegedly on a discriminatory basis. Similarly, Plaintiff, unlike other trainees, was denied a laptop computer and other working materials during the entirety of his employment. Plaintiff's Manager criticized

5

Plaintiff's Nigerian accent during the course of Plaintiff's employment, while denying Plaintiff payment for services until just prior to termination.

Additionally, unlike a Title VII claim based on discrete acts of discrimination, a Title VII claim for hostile work environment claim is based upon the cumulative effect of individual acts, that themselves may not be actionable. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-16 (2002). To determine whether there exists an actionable claim of hostile work environment claim under Title VII, the analysis focuses on the "totality of the circumstances" or the "overall scenario" rather than concentrating on individual incidents. *Caver v. City of Trenton*, 420 F.3d 243, 262–63 (3d Cir. 2005). Here, Plaintiff was employed for a very short period, from January 16, 2011 until March 5, 2011. Yet, Plaintiff has alleged specific instances of repeated and/or ongoing conduct by Defendants throughout the entirety of his employment. While there may be a plausible alternative explanation to discrimination, one is not apparent from the face of the Complaint taking Plaintiff's allegations as true. Plaintiff successfully completed training, was subjected to verbal and nonverbal conduct allegedly on the basis of his race/nationality and disability, and was terminated. When viewing the totality of the circumstances, including ongoing instances of conduct from the beginning of employment through termination, Plaintiff has sufficiently alleged an overall pattern of discriminatory conduct that detrimentally affected him as it would a reasonable person of the same protected class in his position.

Accordingly, Plaintiff has alleged sufficient facts when taken as true to suggest a plausible hostile work environment claim under the Rehabilitation Act and Title VII to survive a motion to dismiss.

## V. CONCLUSION

Having reviewed the parties' submissions, the Court denies Defendant's motion to dismiss. An appropriate Order accompanies this Opinion.

Dated: June 27, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.